Case number 3-090699, Ms. Collins et al., a column by Mr. Cory Meyer versus Dr. Melvin Fleming and D. et al., apologies by Mr. William Hardy, who will argue for 12 minutes, and Mr. Myrvold Pretorius, who will argue for 3 minutes. Please proceed. Thank you, ladies and gentlemen of the panel. Thank you very much. Cory Meyer on behalf of the appellant here, Denise Collins, who is the stepmother of a young lady who died in a tragic incident at OSF Hospital along with her twin fetus. That's where this case arises from. It's a medical negligence case, and it arises out of that incident. For the appellant, we seek reversal of the trial court's order. We dismiss the case with prejudice based on its understanding that under the statute 2632, which was enforced at the time, which has subsequently been ruled unconstitutional in the LeBron case, that it had no discretion to consider whether good cause existed for the late filing of the requisite affidavit. We believe in that regard it's a pretty simple issue. I believe by a thorough reading of Judge Cory's order and the arguments, both the motions to dismiss and plaintiff's motion to reconsider, Judge Cory clearly believed that he did not have the authority under the statute that was in existence at the time to consider whether plaintiff had presented good cause for the filing of the affidavits. There was considerable dialogue at the motion to reconsider as to whether or not he should stay the matter because LeBron had already been argued, had been pending for a considerable amount of time, I believe about nine months or so. And at the hearing on the motion to reconsider, he was torn as to whether or not to stay, whether to take the matter under advisement for a period of time. And then see what the Supreme Court would do under LeBron and then proceed accordingly. So he did take the matter under advisement on the day of the hearing, which I believe was July 30th, but then he issued an order the next day, July 31st, dismissing the case or obviously denying the motion to reconsider. Given the developments, under your theory, would the appropriate remedy be to remand it to the trial judge to exercise discretion? Because right now there was no discretion exercised one way or the other. Correct. And that's my point, that he really never got to the issue as to whether good cause existed. He just said flat out under this version of the statute, and there was one tangential case out there, I didn't have the authority, I don't have the authority to do anything other than follow the exact or the strict reading of the statute in force at the time that said there were no extensions provided. And I think what this court should do is basically remand it back to him for now a decision based on the statute that is in existence now. And that was really my position at the time of the motion. I mean, most of the time the standard is an abuse of discretion, but if no discretion was exercised, then what are you reviewing until you get an exercise of the discretion? Exactly, and that would be my point. So really I think it's a pretty clear cut issue that the court should remand it back to him for ruling now on whether or not to allow the affidavits to be filed under the statute as it exists now. We believe there is good cause shown, has been shown, but really that portion of the equation really never was addressed in front of him. Just based on what he said during the hearings and obviously during his order that he didn't have the discretion to allow that. And he specifically went to lengths to say I'm not making any decision on that particular issue. That I'm not really getting to that. In fact, I'm not getting to that. I'm just saying I don't have the discretion. Rule 183, I don't think, allows me to have discretion here because of the Jackson case. So therefore, since you didn't comply with that statute, you're out of the box. But now I think since LeBron has, well, in fact, LeBron has become the law. The statute has become unconstitutional. I believe the court should remand it back to the trial court for a decision on whether or not to allow the affidavits of Dr. Eden to be filed based on that statute. I really don't have a lot more to add. I'm sure I'll be happy to answer questions from any of your honors. Thank you, Counsel. Thank you. Counsel. That is the court. Counsel. My name is William Hardy. I represent the OSF defendants in this case. There's no question that the judge did not exercise discretion here. And your question is well taken. I mean, under normal circumstances, the case would be remanded and the judge would exercise discretion. But I would urge the court to consider that it does have the authority to affirm on any basis appearing in the record, regardless of whether relied upon by the trial judge. That's true, but this is an abuse of discretion case, and yet there was no discretion exercised. So we would be substituting our judgment for thinking what the trial judge could have done one way or the other. Isn't that right? That's what you're urging us to do. Not quite. It's close. But if this court ‑‑ let me just put it this way. If you do what Mr. Meyer is suggesting, the case is going to be remanded, and then the judge is going to look at the exact same facts, the exact same facts that we believe he's going to have to find, based on the case law that we've cited, that there is a good cause. He didn't have the opportunity to do that. Well, he had the opportunity. He didn't exercise it. Well, but that he recognizes error. I recognize that based on LeBron, that is out the window. But I would just urge you that as a matter of judicial economy, it simply makes sense to affirm on other grounds appearing in the record because these facts are not going to change. I mean, this is not like any other case, the Cookson case, for example, where you had somebody who filed the appropriate affidavit and then within the 90 days filed an affidavit, then tried to amend, followed all the deadlines, acted in good faith, had good cause, and so forth, as this court found. In this case, we have absolutely nothing for nine months. And my only point is, look, the court, the usual thing would be to remand it and let the judge exercise his discretion. But then we're going to be back up here on the question of assuming the court dismisses it, as we think the court will, then he's going to be arguing, well, wait a minute, that's an abuse of discretion. Now, I think this court can say, okay, we're going to affirm on the basis that even if the judge had exercised his discretion, in other words, I'm not asking you to put yourself in his shoes. I'm asking you to put yourself in the shoes of the court that's reviewing his decision to exercise discretion and allow the late finding, find on these facts that there's good cause. Our position is, as we pointed out in our brief, that's an abuse of discretion. It's going to be an abuse of discretion. That's another ground that this court can affirm upon. Now, I understand it's unusual. Extremely unusual, wouldn't you say? Well, let me say this. It's not extremely unusual for the court to affirm on other grounds. No, that's not unusual. Right. And even grounds that the court disagrees with at the trial level. But, you know, I fully anticipated these questions. And, you know, the only thing I can say is that we're going to end up back up here again. We're going to end up here either on appeal by Mr. Meyer, and he's going to be saying, look, sure, I didn't file within 90 days. I didn't file a motion for extension. Those facts aren't going to change. I didn't ask for any discovery. I didn't file any affidavits. I didn't do anything for nine months. And the court dismissed the case. Those facts are going to remain the same. And he's going to be arguing, well, that was an abuse of discretion to dismiss the case. So you're going to be deciding the same issue. So you're asking us to exercise our discretion instead of the trial court. Don't you? I mean, it seems like we're jumping the gun as to what you're asking. Well, the reason I say no to that is there are cases, and I think it's Judge Easterbrook who put the abuse of discretion standard pretty well. What he says, and I can't remember the name of the case, is, look, abuse of discretion is you got facts. And the judge could rule either way based on those facts because it's reasonable for a judge to rule this way or that way based on a given set of facts. We have an abuse of discretion when we get to the point where no reasonable judge under those facts, undisputed facts, would have ruled that way. And that's the only point I'm making. This case is unlike any other case. I'm simply asking you to affirm on the basis that, look, even if the judge had exercised his discretion and found that he had good cause to file this nine months later, that would have been an abuse of discretion. And I understand the reluctance of this court to do it, but otherwise what we end up with is it goes back to the trial court and we're back here if it's dismissed. Or we're back here later on down the road after the case is litigated and we're arguing it. So, again, it's a fine point. I'm not asking you to step into his shoes and say, this is the way I would have ruled. I'm asking you to do what an appellate court does, and that is to say whether if he had ruled that way on these facts, which aren't going to change, it would have been an abuse of discretion. But he didn't rule that way. That's correct. He didn't. But, you know, we have cases where a case is dismissed because the judge finds that there's no proximate cause. He looks at the complaint from the light, most favorable plaintiff and says, there's no proximate cause. But the defendant also argues, well, there's no duty. So it goes up on appeal when the court says, well, we look at these facts in the light, most favorable plaintiff, and we disagree with the trial court. There was proximate cause, or it could be proximate. See, that's the exact point. In those cases, the court is ruling as a matter of law that there was a duty question. Right. Or as a matter of law, there was no proximate cause, which is normally a jury question. Right. So you think this is a matter of law situation? Well, I believe it's always a matter of law situation when the court, if the court were looking at it in the posture of the judge deciding the case, exercising his discretion, and finding good cause, and then we were appealing, I think at that point, the question of whether any reasonable judge under those facts would have ruled the way he would have when there's an abuse of discretion, that becomes a question of law. So, you know, again, I don't want to overemphasize the point. I fully understand that the judge did not exercise discretion he didn't think he could have. I'm just trying to find some way to save everyone a lot of time and a lot of money, because I just, when I look at these facts, which I don't see are going to change in any way, I can't find a case out there like this, where, you know, not only do you have, you know, no affidavit filed within 90 days, you have months and months that go by, a motion to dismiss is filed, there's never any kind of an affidavit filed as to why any of this occurred. Those facts are not going to change. So, other than that, unless the court has any questions, I have nothing to add. We would simply ask that the court affirm the decision of the trial court based on the alternative ground we've discussed. Thank you. Thank you, counsel. To please the court, Mr. Hardy and I have the same positions. I really have nothing to add. Unless you have some questions, I don't think I can answer them any better. Thank you, counsel. Counsel, anything else? We'll just address the court for one moment. What I think counsel would like you to do, and I think he wants you to anticipate or kind of make a judgment as to what the trial court would do, because he clearly didn't do it. So I do think as the questions were addressed, if the appropriate remedy here is to send it back and allow us to address the issue of good cause, because it really never was addressed in front of Judge Curry. And allow him to make a decision and then let the chips fall where they may lie after that decision. Thank you very much. Thank you, counsel. The court will take this case under advisement adjourned for the day. And we will render a decision with the dispatch proceeds.